**SIGNED THIS: June 13, 2007**

_____

**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BARBARA JEAN ROTHERMEL, | ) | Bankruptcy Case No. 06-91414 |
| | ) | |
| Debtor. | ) | |
| | | |
| KENNETH L. WRONKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 07-9005 |
| | ) | |
| BARBARA JEAN ROTHERMEL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court for trial on a Complaint objecting to the

discharge of the Debtor, the Court, having heard sworn testimony and arguments of counsel

and being otherwise fully advised in the premises, makes the following findings of fact and

conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Trial in this matter was held on June 7, 2007.  The Debtor was the only witness to

testify, and the Court found her to be a credible witness.  There were no exhibits filed, and,

at the conclusion of the hearing, the Court found in favor of the Debtor/Defendant and denied

the relief sought in Plaintiff's Complaint.

The issues raised in the Plaintiff's Complaint are governed by 11 U.S.C. § 727, and,

although the Plaintiff does not specifically enumerate which subsections are applicable in this

matter, the Court finds that there are four subsections of § 727 which could apply to the

Complaint filed by the Plaintiff.  The burden of proof is upon the Plaintiff to establish the

elements of each applicable subsection under 11 U.S.C. § 727(a) by a preponderance of the

evidence.  Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654 (1991).

Pursuant to 11 U.S.C. § 727(a)(2):

> (a)     The court shall grant the debtor a discharge, unless . . .
>
> (2)     the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed -
>
>> (A)     property of the debtor, within one year before the date of the filing of the petition; or
>>
>> (B)     property of the estate, after the date of the filing of the petition;

In applying this section to the facts adduced at trial, the allegations of the Plaintiff's

Complaint, and the record of the Debtor's Chapter 7 bankruptcy proceeding, the Court must

conclude that the Plaintiff has failed to meet his burden of proof on each of the elements that

are necessary to deny a discharge under 11 U.S.C. § 727(a)(2)(A).  While the Plaintiff has

alleged that the Debtor has concealed income from her creditors, a review of the relevant and

material facts before the Court reveal no basis to support the allegation.  Furthermore, the

Plaintiff has failed to show that the Defendant acted with actual intent to hinder, delay, or

defraud her creditors or an officer of her bankruptcy estate.  As noted above, the Court found

the Debtor to be a credible witness and that she provided satisfactory answers to the

questions which the Plaintiff posed to her at trial.

Pursuant to 11 U.S.C. § 727(a)(3):

(a)    The Court shall grant the debtor a discharge, unless . . .

(3)    the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

In other words, 11 U.S.C. § 727(a)(3) requires, as a pre-condition to discharge, that the Debtor produce records which provide creditors "with enough information to ascertain the debtor's financial condition and track his or her financial dealings with substantial completeness and accuracy for a reasonable period past to present." In re Juzwiak, 89 F.3d 424 (7th Cir. 1996); and In re Scott, 172 F.3d 959 (7th Cir. 1999). In considering the Plaintiff's Complaint and the allegations therein as they may relate to § 727(a)(3), the Court must conclude that the Plaintiff has failed to meet his burden of proof as to all of the elements to deny discharge under this section. The record of the Debtor's bankruptcy proceeding reveals that the Chapter 7 Trustee has thoroughly examined the Debtor at a Section 341 Meeting of Creditors, reviewed the Debtor's bankruptcy petition and schedules, and is satisfied with the information contained in the Debtor's pleadings and in her sworn testimony at the Meeting of Creditors. Although the Court is not bound by the Trustee's satisfaction with the information provided by the Debtor, it finds that, in conjunction with its own thorough review of the material facts of this case, the Debtor has supplied sufficient information to ascertain her financial condition accurately for a reasonable period of time prior to her filing for Chapter 7 bankruptcy relief.

Pursuant to 11 U.S.C. § 727(a)(4)(A):

(a)    The court shall grant the debtor a discharge, unless . . .

(4)    the debtor knowingly and fraudulently, in or in connection with the case -

(A)    made a false oath or account;

3

In order to prevail under this section, the Plaintiff must establish that:  (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with the intent to deceive; and (5) the statement related materially to the bankruptcy case.  In re Sholdra, 249 F.3d 380 (5th Cir. 2001); In re Bailey, 147 B.R. 157 (Bankr. N.D. Ill. 1992); and In re Agnew, 818 F.2d 1284 (7th Cir. 1987).  Here again, a review of the material facts adduced at trial and found in the record of Debtor's bankruptcy proceeding leads the Court to conclude that the Plaintiff has failed to meet his burden of proof as to any one of the five elements required in order to deny a discharge under 11 U.S.C. § 727(a)(4)(A).

Finally, pursuant to 11 U.S.C. § 727(a)(5):

> (a)    The court shall grant the debtor a discharge, unless . . .

> (5)    the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

Under § 727(a)(5), this Court has "broad power to decline to grant a discharge . . . where the debtor does not adequately explain a shortage, loss, or disappearance of assets."  In re D'Agnese, 86 F.3d 732 (7th Cir. 1996), *citing* In re Martin, 698 F.2d 883 (7th Cir. 1983).  In applying this section to the material facts before the Court in the instant case, the Court must conclude that the Plaintiff has failed to show any unusual loss or deficiency in the Debtor's assets.  Although the Plaintiff alleges that Debtor has enjoyed unreported income for many years, he has failed to provide any evidence to support his bare assertion.  Additionally, the Court found the Debtor's testimony to be credible and that her testimony, together with her bankruptcy petition and schedules provide a satisfactory and reasonable explanation to support her inability to pay her creditors and for her need for Chapter 7 relief.

###